IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| Wilmington Trust, N.A., as Trustee for the benefit of the registered holders of UBS Commercial Mortgage Trust 2017-C1, Commercial Mortgage Pass-Through Certificates, Series 2017-C1,<br><br>    Plaintiff,<br><br>v.<br><br>Chetankumar D. Patel and Sunitabahen N. Patel,<br><br>    Defendants. | Case No. 3:20-cv-03352-B |

## Joint Status Report

Pursuant to the Court's December 10th Status Report Order, the Parties met and conferred by telephone on December 23, 2020 and report to the Court as follows:

1. **A brief statement of the nature of the case, including the contentions of the parties.**

   Plaintiff filed this case seeking to enforce its rights to payment in full on a commercial real estate loan.

   Defendants are the guarantors of a $5.5 Million loan that was executed on April 12, 2017 ("Loan") to Ashiyana Hospitality, LLC ("Borrower"), pursuant to which Borrower pledged the Comfort Inn Cleveland Airport hotel ("Hotel") as collateral for the Loan. In addition to being the Loan guarantors, Defendants were also the principals of Borrower.

   The Loan was accompanied by standard documents, including a Promissory Note, Loan Agreement, Allonge, Mortgage, and Assignment of Leases and Rents (the "Loan Documents"). As part of the Loan Documents, Borrower pledged the Hotel and revenues associated with it as security for the repayment of the Loan. While Plaintiff is not the Original Lender, it was assigned all rights of the Original Lender on June 12, 2017.

Plaintiff alleges multiple defaults under the Loan Documents, including:

- Non-payment of principal, interest, and reserves required under the Loan since March 2020.
- Endison Sterling d/b/a Sterling's Home Improvement ("Endison Sterling") recorded a mechanic's lien on the Hotel without Plaintiff's consent.
- Borrower receiving financing from an undisclosed individual or entity and allowed that entity to place a lien on the Hotel without Plaintiff's consent.
- Borrower received an "EIDL" loan from the Small Business Administration ("SBA") and allowed the SBA to place a lien on the Hotel without Plaintiff's consent.
- Borrower transferred 100% of the ownership of Borrower's LLC to an unrelated entity, DATD Holdings, LLC, which is precluded by the Loan Documents, without Plaintiff's consent.

Based on the above and other alleged defaults, Plaintiff alleges that the Loan is in default and the Defendants' obligation to guaranty the full unpaid Loan balance has been triggered.

Based on the above and other alleged defaults, Plaintiff commenced a judicial foreclosure action on September 9, 2020 in the Circuit Court or Cuyahoga County, Ohio (the "Ohio Court") to foreclose on its interest in the Hotel. Based on the alleged loan defaults, the Ohio Court appointed a receiver for the Hotel on December 2, 2020.

Defendants do not deny the fact that: (1) Borrower failed to make timely payments of principal, interest, and reserves as required by the Loan beginning in March 2020 and (2) the liens described above were placed on the Hotel without Plaintiff's consent. Defendants, however, raise defenses, including affirmative defenses, as to whether the alleged defaults under the Loan Documents constitute defaults under the Loan Documents that trigger liability under the Guaranty, whether Defendants owe any damages to Plaintiff, and whether DATD Holdings has a duty to indemnify the Defendants for any such damages. Given the allegations and the parties understanding of the facts to date, there appears to be limited need for discovery before filing summary judgment motions.

**2.   Any challenge to jurisdiction or venue, including any procedural defects in the removal, if this case was removed.**

    There are no challenges to jurisdiction, venue, or any other procedural issues with the case proceeding in this Court.

3. **Any pending motions.**

   There are no pending motions before the Court.

4. **Any matters which require a conference with the Court.**

   There are no matters at this time that would require a conference with the Court.

5. **Likelihood that other parties will be joined or the pleadings amended.**

   Plaintiff has no intention to join other parties or amend its complaint.

   Defendants believe it may be necessary to join a third party defendant in connection with indemnification, but has not been able to determine the necessity of such action at this time.

6. **(a) An estimate of the time needed for discovery, with reasons, (b) a specification of the subjects on which discovery may be needed, and (c) whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

   What is the estimated time for discovery? The parties propose a six-month discovery period as Plaintiff and Defendants seek discovery related to the facts surrounding the alleged defaults and Defendants seek discovery related to the potential rescission of the transfer to DATD Holdings.

   Specify the subjects on which discovery may be needed. Plaintiff and Defendants seek to confirm and/or discover the facts around the alleged defaults. Defendants also anticipate the need for discovery surrounding any potential rescission of the alleged membership interest transfer.

   Should discovery be conducted in phases? No.

7. **Any issues related to disclosure or discovery of electronically stored information, including the form or forms (i.e., TIF, PDF, or native; with or without metadata; searchable or not) in which it should be produced.**

   There are no known issues related to the disclosure or discovery of electronically stored information.

8. **Any issues relating to claims of privilege or of protection as trial-preparation material, including if the parties agree on a procedure to assert such claims after production whether they will be asking the Court to include their agreement in an order.**

   Given the issues in this case, the parties do not envision any issues relating to claims of privilege or of protection as trial-preparation material. The parties have agreed that inadvertent production of privileged documents can be handled under Fed. R. Civ. P 26(b)(5)(B) and do not require any detailed provisions or the entry of an Order by the Court to streamline that process.

9. **What changes, if any, should be made in the limitations on discovery imposed under the Federal rules or by local rule, and what other limitations should be imposed.**

   None.

10. **Any other orders that should be entered by the Court under Rule 26(c) or Rule 16(b) and (c).**

    None.

11. **Proposed deadlines with specific dates that limit the time to (a) join other parties and to amend the pleadings; (b) file motions, including summary judgment and other dispositive motions; (c) complete discovery; and (d) designate expert witnesses and make the expert disclosures required by Rule 26(a)(2).**

    Join other parties and to amend the pleadings: 2-28-21

    File motions, including summary judgment and other dispositive motions: 7-30-21

Complete discovery: 6-30-21

Designate expert witnesses and make the expert disclosures required by Rule 26(a)(2): 8-30-21

12. **Requested trial date, estimated length of trial, and whether jury has been demanded.**

    Plaintiff and Defendants request a trial date of 12-6-21 and expect the trial to last three days. Defendants have waived their right to a jury in the Loan Documents and have not demanded a jury.

13. **Whether the parties will consent to trial (jury or non-jury) before a United States Magistrate Judge per 28 U.S.C. § 636(c).**

    The parties do not consent trial before a United States Magistrate Judge.

14. **Progress made toward settlement, and the present status of settlement negotiations. This must be a detailed report. Do not submit a generic recitation that settlement was discussed but was unsuccessful.**

    The parties discussed prospects for settling this case, particularly given that main areas of dispute appear to be the legal ramifications of facts that are not disputed. As part of Defendants' agreement with DATD Holdings, Defendants believe DATD Holdings may owe a duty to indemnify them for any amounts they owe. As such, meaningful progress toward settlement could not be made at this time.

15. **What form of alternative dispute resolution (e.g., mediation, arbitration, summary jury trial, court-supervised settlement conference, or early neutral evaluation) would be most appropriate for resolving this case and when it would be most effective.**

    Plaintiff believes that mediation would be the most appropriate and that it would be most effective after the Court decides Plaintiff's summary judgment motion.

Defendants also believe that mediation would be the most appropriate form of ADR and that it would be most effective no earlier than after the deadline for joining third parties has passed.

16. **Any other matters relevant to the status and disposition of this case.**

There are no other relevant matters for the entry of a Scheduling Order.

Dated: December 31, 2020

Respectfully Submitted,

*/s/ John R. Hardin*
John R. Hardin
JohnHardin@perkinscoie.com
Texas State Bar No. 24012784
Perkins Coie LLP
500 N. Akard Street, Ste. 3300
Dallas, TX 75201
Telephone: 214.965.7743
Facsimile:  214.965.7793

*David Gold (*pro hac vice* application forthcoming)
DGold@perkinscoie.com
Illinois State Bar No. 6299872
Perkins Coie LLP
131 S. Dearborn Street Suite 1700
Chicago, IL 60603-5559
Telephone: (312) 324-8540
Facsimile: (312) 324-9540
*Attorneys for Plaintiff*

 */s/ Joshua D. Kipp*
Joshua D. Kipp
  State Bar No. 24078793
  jkipp@ccsb.com
CARRINGTON COLEMAN SLOMAN
  & BLUMENTHAL L.L.P.
901 Main Street, Suite 5500
Dallas, Texas 75202
(214) 855-3000
(214) 580-2641 (facsimile)

*Attorneys for Defendants*