UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **WILMINGTON TRUST NA,** ***as Trustee for the benefit of the registered holders of UBS Commercial Mortgage Trust 2017-C1, Commercial Mortgage Pass-Through Certificates, Series 2017-C1,*** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO. 3:20-CV-3352-B** |
| **CHETANKUMAR D. PATEL and SUNITABAHEN N. PATEL,** | § | |
| **Defendants.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants Chetankumar D. Patel and Sunitabahen N. Patel's Amended Motion for Leave to File Defendants' Third-Party Complaint Against DATD Holdings, LLC (Doc. 18). For the reasons set forth below, the Court **GRANTS** the motion.

## I.

## BACKGROUND[1]

This is an action for enforcement of a guaranty. Plaintiff Wilmington Trust, N.A. ("Wilmington Trust") is the successor-in-interest of a lender that provided a $5,500,000 loan ("the Loan") to Ashiyana Hospitality, LLC ("Ashiyana") in 2017. Doc. 1, Compl., ¶¶ 7, 21. The terms

[1] The Court draws its factual account from the allegations in the complaint (Doc. 1) and the proposed third-party complaint (Doc. 18-1). Unless otherwise noted, each allegation is the contention of a particular party.

of the Loan's agreement required Ashiyana to pay monthly installments on the balance of the Loan plus interest through "May 5, 2027, at which time all amounts due under [the note corresponding to the Loan]" would be "immediately due and payable." *Id.* ¶ 13. Defendants Chetankumar D. Patel and Sunitabahen N. Patel (collectively, "the Patels") signed a guaranty agreement ("the Guaranty") for the Loan. *Id.* ¶ 11. Under the Guaranty, the Patels agreed to assume liability for the Loan upon an "Event of Default" under the Loan. *Id.* ¶¶ 69, 71. Ashiyana also pledged the Comfort Inn Cleveland Airport Hotel ("the Hotel") and the revenue generated by the Hotel as security for the Loan. *Id.* ¶ 14.

In March 2020, Ashiyana fell behind on payments and thus defaulted on the Loan. *Id.* ¶¶ 28–29. Additionally, Ashiyana obtained several liens on the Hotel without providing notice to or obtaining consent from Wilmington Trust or its predecessor-in-interest. *Id.* ¶¶ 34, 39, 47. The Loan documents, however, mandated that Ashiyana "obtain the written approval of [Wilmington Trust] or its predecessor[-]in[-]interest prior to incurring additional indebtedness or permitting any [new] liens . . . to encumber the Hotel." *Id.* ¶ 48. Thus, the liens "constitute 'Events of Default' under the Loan [d]ocuments." *Id.* ¶ 49. Further, in September 2020, the owners of Ashiyana's membership interests "transferred all of their membership interests to an unrelated entity, DATD Holdings, LLC" (DATD). *Id.* ¶ 50. But the Loan documents prohibited Ashiyana "from transferring more than 49% of its LLC membership interests" if it had not yet defaulted on the Loan, and they prohibited Ashiyana "from transferring any of its LLC membership interests" if default had already occurred. *Id.* ¶ 53. The transfer, then, was another "Event of Default" on the Loan. *Id.* ¶ 57.

Based on these various Events of Default, Wilmington Trust notified Ashiyana that the Loan was in default and thereafter accelerated the Loan and demanded payment. *Id.* ¶¶ 58, 60.

Subsequently, Wilmington Trust "sent [the Patels] a letter notifying them that Events of Default had occurred under the Guaranty [and] that they were personally liable for the unpaid Loan balance[.]" *Id.* ¶ 63. The letter also demanded payment, but the Patels have not paid Wilmington Trust any amount. *Id.* ¶¶ 63–65.

In light of the Patels' failure to pay the amounts owed under the Loan, Wilmington Trust filed a breach-of-contract action in this Court. *See generally id*. On January 4, 2021, the Court entered a scheduling order for this case, which imposed a March 11, 2021, deadline for motions to join new parties. Doc. 14, Scheduling Order, 1. On March 11, 2021, the Patels filed a motion for leave to file a third-party complaint against DATD under Federal Rule of Civil Procedure 14. Doc. 18, Am. Mot., 1–2. In their proposed third-party complaint, the Patels allege that when they, as Ashiyana's members, assigned their ownerships interests in Ashiyana to DATD, DATD agreed to defend and indemnify the Patels in this proceeding. Doc. 18-1, Proposed Compl., ¶¶ 9–12. They further allege that "[d]espite tender of this lawsuit for defense and indemnification, DATD has rejected and refused to honor its obligations[.]" *Id.* ¶ 12. Thus, the Patels seek to bring a third-party complaint for breach of contract and indemnification. *See generally id.*

Wilmington Trust filed a response (Doc. 20) opposing the Patels' motion for leave, and the Patels then filed a reply brief (Doc. 21). Accordingly, the motion is now ripe for review.

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 14(a), a defendant "may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). The policy behind this rule "is to promote judicial economy by

eliminating circuity of action." *United States v. Cushman & Wakefield*, 2002 WL 1558345, at *2 (N.D. Tex. July 12, 2002) (citations omitted). District courts are afforded wide discretion in determining whether to allow a defendant to implead a third-party defendant. *See McDonald v. Union Carbide Corp.*, 734 F.2d 182, 183 (5th Cir. 1984). In exercising this discretion, courts may consider the following factors: whether allowing the impleader will result in prejudice to the original plaintiff or third-party defendant(s); whether the proposed third-party claim has merit; whether the presence of the third-party defendant(s) will complicate issues or delay trial; and whether the defendant unreasonably delayed in moving to file its third-party complaint. *See In re Enron Corp.*, 2006 WL 1371089, at *1–2 (S.D. Tex. May 17, 2006); *Reynolds v. Eveready Marine, Inc.*, 2003 WL 21088095, at *1 (E.D. La. May 7, 2003).

**III.**

**ANALYSIS**

Below, the Court examines whether to allow the Patels to implead DATD under Rule 14. First, the Court rejects Wilmington Trust's argument that Rule 14(a)(1) does not allow impleader of DATD under the circumstances. Next, the Court analyzes Wilmington Trust's contention that the claims against DATD are not ripe. The Court concludes that although the issue of indemnity may not yet be ripe, DATD's alleged duty to defend is ripe. Thus, to ensure judicial economy, the Court opts to defer ruling on the indemnity issue rather than deny impleader altogether. Finally, turning to Wilmington Trust's concerns about delay and complication of litigation, the Court concludes that neither concern warrants denial of impleader. The Court thus grants the Patels'

motion to file a third-party complaint against DATD.[2]

*A. Rule 14(a)(1) Permits Impleader of DATD.*

Wilmington Trust first contends that impleader of DATD is improper because Rule 14(a) "does not permit a defendant to join third parties that may merely owe an obligation to defend that defendant[.]" Doc. 20, Pl.'s Resp., 3 (citing *Martco Ltd. P'ship v. Bruks Inc.*, 430 F. App'x 332, 334–35 (5th Cir. 2011) (per curiam)). But irrespective of whether Rule 14 permits the impleader of a third-party defendant with only a duty to defend, the Patels allege that DATD also has a duty to indemnify. *See* Doc. 18-1, Proposed Compl., ¶¶ 10–12. The Fifth Circuit has recognized that impleader under Rule 14 is proper "when the basis of the third-party claim is indemnity . . . ." *Martco*, 430 F. App'x at 334–35 (citation omitted). Thus, so long as the Patels have "plausibly alleged an entitlement to indemnity" under the applicable state substantive law, they may implead DATD under Rule 14. *See id.* at 335.

Here, they have done so. Both Texas and Florida law recognize a duty to indemnify created by contract. *See, e.g.*, *Yowell v. Granite Op. Co.*, —S.W.3d—, 2020 WL 2502141, at *11 (Tex. 2020) (analyzing breach-of-contract claim premised on breach of an indemnity agreement); *Sutherlin v. Wells Fargo & Co.*, 297 F. Supp. 3d 1271, 1278 (M.D. Fla. 2018) ("Under Florida law, the duties to defend or indemnify may arise contractually[.]" (citation omitted)).[3] In their proposed third-party

[2] Because the Patels do not invoke Federal Rules of Civil Procedure 19 or 20 in their motion, *see generally* Doc. 18, Am. Mot., the Court declines to address Wilmington Trust's arguments against Rule 19 or Rule 20 joinder. *See* Doc. 20, Pl.'s Resp., 6–7.

[3] In its response brief, Wilmington Trust states that the transfer agreement between the Patels and DATD contains a Florida choice-of-law provision. Doc. 20, Pl.'s Resp., 3 n.1. The Patels do not dispute this point. *See generally* Doc. 21, Defs.' Reply. At this stage of proceedings, the Court need not determine whether Texas substantive law or Florida substantive law governs the Patels' proposed claims against DATD.

complaint, the Patels allege that they entered a valid assignment agreement with DATD under which "DATD agree[d] to indemnify, protect, defend . . . and hold [the Patels] harmless from any claims, actions, judgments, penalties, fines, costs, and/or liabilities that is determined to be owed to any lender for any loan secured by [the Hotel.]" Doc. 18-1, Proposed Compl., ¶ 10. They further allege that although they have "fully performed their contractual obligations[,]" DATD breached the assignment agreement by refusing to defend Wilmington Trust's lawsuit and indemnify the Patels. *See id.* ¶¶ 14–17. Thus, whether the Patels' claim arises under Texas or Florida substantive law, they have plausibly alleged a right to indemnity and thus may implead DATD under Rule 14.

*B. Any Ripeness Concern Does Not Warrant Denial of Impleader.*

Next, Wilmington Trust contends that the Patels' claim against DATD is not yet ripe because the Court has not found the Patels liable to Wilmington Trust. Doc. 20, Pl.'s Resp., 3. Wilmington Trust's argument is correct with respect to DATD's duty to indemnify: under both Texas and Florida law, DATD's duty to indemnify the Patels generally does not arise until Wilmington Trust's claims against the Patels are resolved. *See Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768, 770 (11th Cir. 2019) (per curiam) (applying Florida law); *ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832, 844 (5th Cir. 2012) (applying Texas law).[4] DATD's duty to defend, however, does not presuppose a liability determination. *See, e.g.*, *Smithers Constr., Inc. v. Bituminous Cas. Corp.*, 563 F. Supp. 2d 1345, 1348

[4] Though these cases address an insurer's duty to indemnify, the Court sees no reason an assignment provision would be interpreted differently than an insurance contract. *See Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 853–54 (5th Cir. 2003) ("Texas courts interpret insurance policies using the rules of interpretation and construction generally applicable to other contracts." (citation omitted)); *Medmarc Cas. Ins. Co. v. Ventura*, 2008 WL 11407233, at *8 (S.D. Fla. Dec. 19, 2008) ("Florida courts treat insurance policies like a contract[.]" (citation omitted)).

(S.D. Fla. 2008) (applying Florida law); *ACE Am. Ins. Co.*, 699 F.3d at 839 (applying Texas law). Thus, at the very least, the Patels have alleged a ripe claim for breach of the assignment contract's provision requiring DATD to assume the duty to defend the Patels. As a result, the Court will not deny joinder based on a lack of ripeness. Rather, the more efficient course is for the Court to abstain from ruling on DATD's duty to indemnify until the Court has resolved the issue of the Patels' liability to Wilmington Trust. *See Smithers Constr.*, 563 F. Supp. 2d at 1349 ("retain[ing] jurisdiction over the duty to defend and indemnification issues" but "only address[ing]" the duty to defend until the underlying action was resolved).

*C. Exercising its Discretion, the Court Permits Impleader of DATD.*

Wilmington Trust urges the Court to exercise its discretion to deny impleader based on two concerns: (1) likelihood of delay, and (2) unnecessary complication of this litigation. Doc. 20, Pl.'s Resp., 4–5. The Court addresses each concern below.

1. Whether delay is likely

Wilmington Trust argues that "impleader of DATD is likely to delay the resolution of this straightforward case." *Id.* at 4. As an initial matter, the Patels filed their motion for impleader by the March 11, 2021, deadline for the joinder of parties. *See* Doc. 14, Scheduling Order, 1. The timing of the Patels' motion thus does not necessarily warrant denial of impleader. But the fact that the Patels filed a motion by the Court-imposed deadline "does not mean that it will be automatically granted" either. *Patino v. Laws. Title Ins. Corp.*, 2007 WL 9711744, at *2 (N.D. Tex. Aug. 22, 2007) (citation omitted). Rather, the Court still examines whether the Patels "unreasonably delayed in bringing [their] motion." *Id.* The Patels filed an answer on December 9, 2020, which states: "Any liability found against [the Patels] under the Guaranty is subject to indemnity by [DATD] under the

Assignment of Membership Interest in Ashiyana[.]" Doc. 8, Answer, ¶ 104. Yet they did not move to implead DATD until three months later. *See generally* Doc. 18, Am. Mot. Thus, it appears that the Patels delayed in moving to implead DATD. Nevertheless, the Court will not conclude that a three-month delay is unreasonable, particularly given that the Patels filed their motion over three months before the close of discovery and nearly nine months before trial. *See* Doc. 14, Scheduling Order, 1; *Am. Int'l Specialty Lines Ins. Co. v. 7-Eleven, Inc.*, 2009 WL 2448440, at *3–4 (N.D. Tex. Aug. 7, 2009) (denying impleader where the defendant delayed discovery and did not seek impleader by the court-imposed deadline).[5]

2. Whether joinder will complicate the issues

Next, Wilmington Trust contends that impleader of DATD would "unnecessarily complicate this litigation" because neither Wilmington Trust nor the Patels argue that the assignment agreement is unenforceable, and any attempt by DATD to rescind the agreement has no bearing on the dispute between Wilmington Trust and the Patels. Doc. 20, Pl.'s Resp., 5. The Patels, on the other hand, assert that "DATD's refusal to defend and indemnify [the Patels] in this action calls into question one of the key bases of alleged liability against [the Patels]—whether any membership interest was in fact assigned." Doc. 21, Defs.' Reply, 2. If the assignment agreement is invalid, the Patels explain, they cannot be held liable for transferring their interests in violation of the Guaranty. *See id.*

While the impleader of DATD will add a new issue to this case, this addition does not warrant denial of the Patels' motion. *See, e.g.*, *Liz Claiborne, Inc. v. Consumer Prod. Recovery, L.L.C.*,

[5] Additionally, Wilmington Trust fails to argue unreasonable delay. *See generally* Doc. 20, Pl.'s Resp.

2004 WL 1593635, at *2 (N.D. Tex. July 16, 2004) (concluding that the impleader of a third-party defendant with a duty to indemnify the third-party plaintiff "would not unnecessarily complicate the case"). As the Patels point out, the resolution of the dispute between DATD and the Patels impacts the Court's resolution of the Patels' liability to Wilmington Trust. While the Court may ultimately find the Patels liable under the Guaranty on grounds independent of the assignment, the potential overlap of issues suggests that impleader would promote judicial economy. Accordingly, the Court rejects Wilmington Trust's suggestion that impleader would unduly complicate the proceedings.

Overall, the Court concludes that Rule 14 impleader of DATD is proper under the facts of this case. Accordingly, the Court **GRANTS** the Patels' motion for leave to file a third-party complaint against DATD (Doc. 18).

## IV.

## CONCLUSION

For the reasons explained above, the Court **GRANTS** the Patels' motion for leave (Doc. 18) and **ORDERS** the proposed third-party complaint (Doc. 18-1) to be filed as of the date of this Order.

**SO ORDERED.**

**SIGNED: May 21, 2021.**

**JANE J. BOYLE**
**UNITED STATES DISTRICT JUDGE**